**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ANNEMARIE RIVERA,<br>    *Plaintiff*, | |
| v. | No. 3:17-cv-00960 (JAM) |
| JETBLUE AIRWAYS CORPORATION,<br>    *Defendant*. | |

**RULING GRANTING MOTION TO DISMISS**

Plaintiff Annemarie Rivera had a bad flight experience with defendant JetBlue Airways

Corporation. On one flight she had to sit in a middle seat. On another she had an allergic reaction

to a couple of dogs. All this happened despite her advance request for medical accommodations.

Plaintiff has now sued defendant, alleging state law claims for disability discrimination

and unfair trade practices. I will grant JetBlue's motion to dismiss. I conclude that there is no

private right of action for disability discrimination under Conn. Gen. Stat. § 46a-64 and that

plaintiff's claim under the Connecticut Unfair Trade Practices Act (CUTPA) is preempted by the

federal Airline Deregulation Act. Accordingly, I will dismiss the complaint with leave to amend

as described in more detail below.

**BACKGROUND**

According to the complaint, plaintiff booked a flight from JFK to LAX on August 5,

2016, and then a return trip several days later on August 9, 2016. She spoke by telephone to a

JetBlue representative who "took detailed notes" of plaintiff's "medical accommodation

requests," and assured plaintiff that "she would receive medical accommodations and disability

seating." Doc. #1-2 at 2–3. These disabilities included a "life-threatening disability" of a severe

allergy to "domestic fur-bearing animals" and a "need to get up and move about during the flight." *Ibid*.

When plaintiff arrived at JFK on August 5, she was told that JetBlue had no record of her requests for medical accommodations and that there were no available seats outside of First Class for which she would have to pay an upgrade fee. *Id*. at 3. Eventually she was allowed to board the flight, but she was relegated to a center seat from which she could not get up and move around as her medical needs required. *Ibid*.

Things went worse on plaintiff's return trip to New York. When she arrived at LAX, she was again told that no seat had been reserved for her. *Ibid*. She paid $90 for an upgrade to a seat capable of accommodating her medical needs, but nonetheless was not given disability seating, supposedly because she had neither a wheelchair nor a leg brace. *Id*. at 4. Shortly after departure, plaintiff had an allergic reaction to two dogs in the seat directly in front of her. *Ibid*. Her repeated requests for help were ignored, and she became so ill that she required hospitalization. *Ibid*.

The complaint alleges two counts. Count One alleges a violation of Conn. Gen. Stat. § 46a-64, which prohibits discrimination in places of public accommodation. Doc. #1-2 at 4. Count Two alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b. Doc. #1-2 at 5. Defendant has moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d

170, 177 (2d Cir. 2014). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Because the focus must be on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). In short, my role in reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a plausible claim for relief.

### Count One – Conn. Gen. Stat. § 46a-64

Defendant argues that Conn. Gen. Stat. § 46a-64 does not provide a private right of action, and therefore that plaintiff's claim must be dismissed. As far as I am aware, no Connecticut appellate court has ever considered this question. But every Connecticut trial court to consider the issue has concluded—in reliance on the lack of express language creating a private cause of action and the presence of alternative government enforcement measures—that the statute does not give rise to a private right of action. *See Jacques v. Knights of Columbus*, 2013 WL 6129381, at *1-2 (Conn. Super. Ct. 2013) (citing cases); *Valenzuolo v. City of New Haven*, 2012 WL 4344386, at *2 (D. Conn. 2012) (citing cases). I conclude for the same reasons that there is no private right of action under Conn. Gen. Stat. § 46a-64. Accordingly, I will dismiss Count One of the complaint.

### Count Two – CUTPA

As to plaintiff's CUTPA claim, defendant argues that it is preempted by the federal Airline Deregulation Act of 1979 ("ADA"). I agree. The ADA broadly provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law

related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1).

The Supreme Court has clarified the scope of this preemption provision three times over the past quarter century. *See Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422 (2014); *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992). In essence, the Supreme Court has concluded that the ADA preempts state statutes and regulations that regulate the services performed by an airline to the extent that such regulation would exceed the obligations imposed by the passenger's contract with the airline. *See, e.g.*, *Ginsberg*, 134 S. Ct. at 1432-33 (ADA preempts claim for breach of implied covenant of good faith and fair dealing to the extent that the duties imposed under the implied covenant constitute non-waiveable, state-imposed obligations that exceed what the parties have agreed to in their contract); *Wolens*, 513 U.S. at 228 (ADA preempts claims under the Illinois Consumer Fraud Act, which prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices").

Like the Illinois Consumer Fraud Act at issue in *Wolens*, CUTPA bars "unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). A CUTPA claim requires more than a bare breach of contract. *See Boulevard Assocs. v. Sovereign Hotels, Inc.*, 72 F.3d 1029, 1039 (2d Cir. 1995); *Lanese Construction, Inc. v. Natural Markets Food Group, Inc.*, 2017 WL 3469887, at *6 (Conn. Super. Ct. 2017). Because a CUTPA violation involves a state-imposed regulation that exceeds the obligations imposed by the parties' contract, the ADA clearly preempts plaintiff's CUTPA claim. Accordingly, I will dismiss Count Two of the complaint.

Plaintiff has requested leave to file an amended complaint alleging a cause of action for breach of contract. Because I cannot yet conclude without further briefing that a breach of contract claim would necessarily fail, I will grant plaintiff leave to file an amended complaint within 21 days if she believes on the basis of appropriate research and inquiry (and in light of the written contract's non-change/waiver clause, Doc. #15 at 7) that there is a non-frivolous basis for plaintiff to assert a breach of contract claim. If plaintiff chooses to file an amended complaint, then defendant may file within 21 days an answer or renewed motion to dismiss.

In addition, if plaintiff chooses to file an amended complaint, she shall also file with the complaint a statement and any supporting documentation identifying and substantiating her measure of damages. In the event that plaintiff either stipulates to or does not have a good faith basis to seek an award of more than $75,000, the Court may remand this action to the Connecticut Superior Court. *See, e.g.*, *Daly v. United Airlines, Inc.*, 2017 WL 3499928 (D. Conn. 2017); *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82 (D. Conn. 2014). Defendant shall file any response to plaintiff's damages submission within 21 days.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Doc. #11) is GRANTED. If plaintiff does not file an amended complaint within 21 days, then the Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 2d day of January 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge