UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANNEMARIE RIVERA,
    *Plaintiff*,

v.

JETBLUE AIRWAYS CORPORATION,
    *Defendant*.

No. 3:17-cv-00960 (JAM)

**RULING DENYING MOTION TO REMAND AND
GRANTING MOTION FOR SUMMARY JUDGMENT**

    Plaintiff Annemarie Rivera alleges that she had a bad flight experience with defendant JetBlue Airways Corporation. On an outbound flight from New York to California, Rivera had to sit in a center seat where she could not get up and move around. On her return flight to New York, Rivera had an allergic reaction to a couple of dogs who were near her. And all this happened, Rivera alleges, even though JetBlue assured Rivera that she would receive an accommodation after she informed JetBlue of her medical needs.

    Rivera has sued JetBlue for breach of contract. Doc. #19. JetBlue has moved for summary judgment, contending there are no disputed issues of material fact and they are entitled to judgment as a matter of law. Doc. #28. Rivera does not oppose JetBlue's motion, but has instead moved to remand this action to state court on the basis of her amended complaint, which now alleges less than the $75,000 minimum needed to sustain federal diversity jurisdiction. Doc. #29.

    I will deny Rivera's motion to remand on the ground that the Court's diversity jurisdiction may not be ousted by a change of circumstances that occurs after the initial filing of an action. I will otherwise grant JetBlue's unopposed motion for summary judgment on the

1

ground that there are no genuine issues of fact to support Rivera's claim for breach of contract. Accordingly, judgment shall enter for JetBlue on Rivera's contract claim.

## BACKGROUND

The following facts are stated in the amended complaint, Doc. #19, as supplemented by facts set forth in Jet Blue's Local Rule 56.1 statement of undisputed facts, Doc. #28-1.

Rivera resides in Connecticut; JetBlue is an airline incorporated in Delaware with a principal place of business in New York. Rivera has three disabilities relevant to air travel: she has a blood clot disorder, a need to get up and move about during a flight, and a severe allergy to fur-bearing animals. Rivera booked a flight from JFK airport in New York to LAX airport in Los Angeles on August 5, 2016, and then a return trip several days later on August 9, 2016. When she booked her flights, she did not note any of these medical conditions, but on the morning of her JFK-LAX flight, she called JetBlue and told the representative that she had a blood clot disorder and a need to get up and walk around the aircraft during flight. She did not, on this call, alert the representative about her allergies. The JetBlue agent noted her medical conditions, but Rivera never expressly asked for a disability seat, and the JetBlue agent simply noted her conditions without indicating that Rivera wanted or needed a disability seat.

Rivera believed the agent *had* promised her a disability seat, and learned otherwise, to her dismay, only when she checked in at JFK—by which time the entire flight had been booked solid. Rivera was assigned a middle seat, which did not meet her medical needs. Although JetBlue subsequently upgraded her, for free, to an "Even More Space Seat," which was, according to Rivera, also a middle seat. Nonetheless, Rivera took the seat rather than cancel her trip, and the outbound flight took off without incident.

Further problems awaited on the return trip. Rivera, apparently assuming that the incident at JFK had alerted JetBlue of her need of a disability seat, discovered upon check-in at LAX that JetBlue had made no such arrangements and the regular seats on the return flight were, once again, booked solid. This time, Rivera paid $90 for an "Even More Space Seat." Unfortunately for Rivera, this flight had a new complication: a standby passenger without a flight reservation was seated in front of Rivera and carried with her—unbeknownst to anyone, including JetBlue— two small dogs in her carry-on baggage. Rivera rapidly had a severe allergic reaction because of the presence of the dogs and, at her behest, the flight crew moved the passenger and her dogs to the rear of the aircraft, away from Rivera. These efforts were either insufficient or came too late; on her return to New Haven, Rivera had to be immediately hospitalized.

Rivera initially filed this action against JetBlue in Connecticut state court, claiming JetBlue engaged in disability discrimination under State law and violated the Connecticut Unfair Trade Practices Act (CUTPA). JetBlue timely removed the action to this Court on grounds of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, and then JetBlue moved to dismiss Rivera's claims. I granted the motion to dismiss, concluding that Rivera did not have a private right of action under the state disability law and that her CUTPA claim was preempted by federal law. *See Rivera v. JetBlue Airways Corp.*, 2018 WL 264735 (D. Conn. 2018), but granted Rivera leave to file an amended complaint alleging a cause of action for breach of contract. *Id*. at 2.

Rivera duly filed an amended complaint, alleging a single claim for breach of contract and seeking compensatory damages in an amount greater than $15,000 but less than $75,000, exclusive of interest and costs. JetBlue has moved for summary judgment on this contract claim. Rivera has not opposed this motion but instead has moved to remand the action to Connecticut

state court on the ground that, because her amended complaint expressly seeks damages for less than $75,000, the Court does not have diversity jurisdiction.

## DISCUSSION

JetBlue has moved for summary judgment. Rivera has moved to remand this action to Connecticut state court. Because the motion to remand goes to this Court's jurisdiction, I will first address Rivera's motion before addressing JetBlue's motion for summary judgment.

### *Motion to remand to state court*

Federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts have so-called "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Alternatively, even if a complaint does not allege a federal law claim, a federal court may have so-called "diversity" jurisdiction if the parties are citizens of different states, but only if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

If a plaintiff files an action in state court over which a federal court would otherwise have jurisdiction, a defendant may timely remove the action to federal court. *See* 28 U.S.C. § 1441; *Spencer v. Duncaster, Inc.*, 54 F. Supp. 3d 171, 174 (D. Conn. 2014). That happened here. Rivera filed her action in Connecticut state court, and JetBlue timely removed the action to this Court without objection. There was no doubt that the parties were citizens of different states—Rivera is a citizen of Connecticut, and JetBlue is a citizen of Delaware and New York. Nor was there doubt at the time that the amount in controversy exceeded $75,000, especially in light of Rivera's complaint that she had been hospitalized and the nature of her claim under CUTPA for which punitive damages and attorney's fees could be awarded. *See Parola v. Citibank (S. Dakota), N.A.*, 2011 WL 5374146, at *2-*3 (D. Conn. 2011).

Now that Rivera has filed an amended complaint alleging solely a breach of contract claim and explicitly demanding *less* than $75,000, Rivera moves to remand this case to state court on the ground that this action no longer satisfies the $75,000 amount-in-controversy requirement for diversity jurisdiction. But this argument runs contrary to the long-established rule that, for purposes of establishing diversity jurisdiction, the amount-in-controversy is measured as of the time of filing of the lawsuit in the first instance and that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938)). Accordingly, I will deny Rivera's motion to remand this action to Connecticut state court.

### *Motion for summary judgment*

The principles governing the Court's review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. *See generally Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (*per curiam*); *Pollard v. N.Y. Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017).

Even if a party does not oppose a motion for summary judgment, I must undertake my own review of the moving papers to ensure that no genuine issue of fact remains for trial. *See Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir.2014). Still, to the extent that a non-moving

party does not file a local rule statement to contest any of the moving party's well-supported statements of material fact, I may deem these facts to be admitted for the purposes of the motion. *See* D. Conn. L. Civ. R. 56(a)(1).

JetBlue's evidentiary submissions largely negate any factual basis for Rivera's breach of contract claim. The evidence shows that the only written contract between Rivera and JetBlue was the standard contract-of-carriage, which contained no assurance that Rivera would be entitled to special seating or to seating away from any fur-bearing animals. Doc. #28-1 at 2 (¶¶ 2-3). As to Rivera's outgoing flight, JetBlue's evidence shows that she was furnished without charge an "Even More Space" seat with extra legroom, such that she was physically able to get up from her seat, walk around in the aircraft aisle, and access the aircraft lavatory. *Id.* at 6-7 (¶¶ 26-27, 33); Doc. #29-2 at 5 (¶¶ 40-41).

As to Rivera's return flight, JetBlue's evidence shows that Rivera again occupied an "Even More Space" seat near the front of the aircraft. Doc. #28-1 at 6 (¶ 28). While Rivera was at the airport to board her return flight, she told JetBlue for the first time about her allergy to animals, but there is no evidence of any agreement between her and any representative of JetBlue that she would not be seated near an animal. *Id.* at 6-7 (¶¶ 29-30). Although a stand-by passenger who was initially seated near Rivera had two small dogs stowed in her carry-on baggage, JetBlue was not initially aware of these dogs' presence, and the stand-by passenger with dogs was relocated to the rear of the aircraft after Rivera alerted a crew member. *Id.* at 7 (¶¶ 31-32).

In short, the undisputed facts show that there was no breach of any agreement between Rivera and JetBlue with respect to Rivera's seating arrangements or her proximity to any animals. Accordingly, there is no genuine issue of fact to support Rivera's claim for breach of contract.

6

## CONCLUSION

For the foregoing reasons, plaintiff Rivera's motion to remand (Doc. #29) is DENIED. Defendant JetBlue's motion for summary judgment (Doc. #28) is GRANTED. The Clerk of Court shall enter judgment for defendant JetBlue and close this case.

It is so ordered.

Dated at New Haven this 22d day of August 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge